**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**COLONIAL NATIONAL BANK, N.A.;
Advanta Mortgage Corporation,
Claimants–Appellants,**

**and**

**6915 Hillmeade Road, Bowie, Maryland,
with all Buildings Appurtenances and
Improvements Thereon; Defendant,**

**Jerry C. Kibler; Bowest Corporation,
Claimants.**

**No. 93–1904.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 1, 1995.

Decided Jan. 29, 1996.

**ARGUED:** Mark Howard Friedman, Friedman & MacFadyen, P.A., Baltimore, Maryland, for Appellants. Richard Charles Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellee.

Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

Affirmed by published opinion. Judge WIDENER wrote the opinion, in which Judge WILKINSON and Senior Judge BUTZNER joined.

**OPINION**

WIDENER, Circuit Judge:

Colonial National Bank (the Bank) appeals from an order of the district court granting the government's motion to reopen a civil forfeiture proceeding against certain real estate in Prince George's County, Maryland, which order invalidated the Bank's interest in that property. Finding no error, we affirm.

The underlying action in this case was a civil forfeiture under 21 U.S.C. § 881, against property that was involved in illegal drug activity. The Bank took a deed of trust on the forfeited property which was recorded on April 29, 1992, three months after the date of entry of the judgment of forfeiture which had been entered in the district court January 16, 1992. The Bank alleges that it had no notice of the forfeiture, and we will assume for purposes of this opinion that the Bank was a bona fide purchaser for value.[1] The Bank argues that the government had an obligation under 28 U.S.C. § 1964 to file a notice of *lis pendens* in the land records in Prince George's County and did not do so; and further, that the government's failure to file a notice of *lis pendens* should preclude invalidation of the Bank's interest in the property. We disagree.

In *United States v. Stowell*, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890), the Supreme Court held that:

By the settled doctrine of this court, whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act ... and *the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith.*

133 U.S. at 16–17, 10 S.Ct. at 247 (emphasis added). The relation-back doctrine of *Stowell* as just stated remains settled to this day, having been codified at 21 U.S.C. § 881(h), and quoted by the Supreme Court in *United States v. 92 Buena Vista Avenue,* 507 U.S. 111, 126, 113 S.Ct. 1126, 1136, 122 L.Ed.2d 469 (1993).

*92 Buena Vista Avenue* was a case in which proceeds from illegal drug transactions were given to a lady to buy a house. She bought the house, but claimed innocence as to knowledge of the source of the money. In that case, the Court was divided as to the precise meaning of an innocent owner for purposes of 21 U.S.C. § 881, which excludes property from forfeiture "to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner." 21 U.S.C. § 881(a)(6).[2] However, a majority of the Court agreed that, whatever the scope of the provision, it expires upon the entry of a judgment of forfeiture in favor of the United States, see 507 U.S. at 126, 113 S.Ct. at 1136 (plurality opinion) ("If the Government wins a judgment of forfeiture ... the vesting of its title in the property relates back to the moment when the property became forfeitable. *Until the Government does win such a judgment, however, someone else owns the property.*") (emphasis added); 507 U.S. at 132, 113 S.Ct. at 1139 (Scalia, J., concurring in judgment) ("It is clear ... that the Government does not gain title to the property *until there is a decree of forfeiture.*") (emphasis added), at which time "[a]ll right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to the forfeiture." 21 U.S.C. § 881(h). Furthermore, the Supreme Court in *Caplin & Drysdale, Chtd. v. United States,* 491 U.S. 617, 627, 109 S.Ct. 2646, 2653, 105 L.Ed.2d 528 (1989), has stated that a forfeiture is " 'as valid and effectual, as against all the world, as a recorded deed.' " (quoting *Stowell,* 133 U.S. at 19, 10 S.Ct. at 248).

28 U.S.C. § 1964, the provision upon which the bank relies, is unavailing to sustain its claim. Section 1964 provides that where the law of a State requires notice of an action concerning real property to be recorded in a particular manner, notice of an action concerning real property pending in a United States district court is to be recorded in the same manner in order to give constructive notice of the action in the district court as that action may relate to real property in the State. The government in this case did not file a notice of *lis pendens* which was authorized under Maryland law. Thus, the argument goes that having not filed a notice of *lis pendens,* the government did not give notice

---

**1.** The government contends the Bank was not a bona fide purchaser for value or otherwise innocent owner, but we need not consider that fact even if it had been proven.

**2.** 21 U.S.C. § 881(a)(7) pertains to real estate with wording identical to that quoted. It was added in 1984.

to the bank of the forfeiture proceeding and the order of forfeiture which had been entered. Since the bank claims it had no notice of the forfeiture proceeding it argues that it should be in the same position it would be in in a Maryland state court if it were a bona fide purchaser for value.

The problem with the bank's position is that the Supreme Court has specifically held in *92 Buena Vista Avenue* that at the time of an order or decree of forfeiture all interest in the property involved vests in the United States and relates back to the commission of the act giving rise to the forfeiture. The order of forfeiture in this case was entered January 16, 1992, and the bank's lien on the property arose because of a deed of trust recorded April 29, 1992, some three months after the judgment of forfeiture had been entered.

It is not even necessary to consider that the doctrine of relation back would have placed the transfer of title further back than January 16, 1992, for the judgment of forfeiture has been decided by the Supreme Court to be "as valid and effectual, as against all the world, as a recorded deed." *Caplin & Drysdale, Chtd. v. United States*, 491 U.S. 617, 627, 109 S.Ct. 2646, 2653, 105 L.Ed.2d 528 (1989) (quoting *Stowell*, 133 U.S. at 19, 10 S.Ct. at 248). Since the order of forfeiture in favor of the government is as valid and effectual as a recorded deed, the judgment of forfeiture being prior in time must prevail over the bank, whose deed was not recorded until some three months later on April 29th. So the failure of the government to file a *lis pendens* has no effect on this case; the government was the winner in all events.

The judgment of the district court is accordingly

*AFFIRMED.*[3]

---

**3.** We are aware of the force of arguments to the effect that decisions such as this one with respect to forfeiture are bound to have a potential adverse effect on land titles because they are given effect without recording under state recording statutes. Congress might change this rule, but we are not at liberty so to do.

Our opinion is not intended to preclude the Bank from seeking remission or mitigation. *See* 21 U.S.C.A. § 881(d) (1995 Supp.); 28 CFR §§ 9.1–9.7 (1995).